**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ALBERTO J. RODRIGUEZ MARTINEZ,

Petitioner,

v. No. 26-cv-2474-KWR-LF

WARDEN, Otero County Processing Center, *et al*,

Respondents,

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Petitioner's *pro se* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner raises a claim for prolonged detention and seeks a release from immigration custody. *See* Doc. 1 at 6-7. Petitioner is subject to a final removal order entered in 2008, at the latest. *Id.* at 4 (Petition reflects the removal order was entered in 2008); *see also* https://acis.eoir.justice.gov/en/caseInformation (Executive Office for Immigration Review automated case information website reflects the removal order was entered in 2007, which does not change the result). The Petition reflects he spent 17 days in Immigration and Customs Enforcement (ICE) detention in 2008, when the removal order was initially entered. *See* Doc. 1 at 12. Petitioner was re-detained on April 23, 2026 and has been in ICE custody since that date. *Id.* at 4.

Prolonged detention claims must be analyzed under 8 U.S.C. § 1231 and *Zadvydas v. Davis,* 533 U.S. 678, 687 (2001). Where, as here, the petitioner is subject to a final order of removal, detention is governed by 8 U.S.C. § 1231. The Government is expected to secure a

noncitizen's removal within 90 days after the removal order becomes final. *See Zadvydas,* 533 U.S. at 682; 8 U.S.C. § 1231(a)(1). "During the 90-day removal period, … [the noncitizen] must be held in custody." *Zadvydas,* 533 U.S. at 683 (citing § 1231). After that, the Government may continue detaining the noncitizen only for as long as is "reasonably necessary" to secure their removal. *Id.*; *see* 8 U.S.C. § 1231(a)(6). The Supreme Court determined that a 6-month detention period is presumptively reasonable. *Zadvydas,* 533 U.S. at 701. "After this 6-month period, … the Government must respond with evidence sufficient to rebut [th]e showing" that the custody is unconstitutional. *Id.*

As noted above, Petitioner has been detained since April 23, 2026 (*i.e.,* a little over 4 months). Even if the Court gave Petitioner credit for the 17 days he spent in ICE custody in 2008 - after entry of the removal order – the Petition only alleges a total detention period of about 4 months and 3 weeks. His prolonged detention claims are therefore premature. Petitioner is also not entitled to a bond hearing, as his detention is governed by 8 U.S.C. § 1231. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021) ("We conclude that § 1231, not § 1226, governs the detention of [noncitizens] subject to … orders of removal, meaning those [noncitizens] are not entitled to a bond hearing").

Because Petitioner cannot obtain a release based on the alleged facts, the Court will dismiss the Petition without prejudice as premature. The Court will also deny the Motion to Proceed *In Forma Pauperis* (Doc. 2), which is now moot. Petitioner may file a new § 2241 petition after expiration of the six-month period under *Zadvydas* (*i.e.,* after October 5, 2026, considering the prior time spent in ICE custody).

**IT IS ORDERED** that the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241

(**Doc. 1**) is **DISMISSED without prejudice**; Petitioner's Motion to Proceed *In Forma Pauperis* (**Doc. 2**) is **DENIED as moot**; and the Court will enter a judgment closing the case.

**SO ORDERED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE